**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Frederick R. Chappell, Appellant.

Appellate Case No. 2012-212745

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2014-UP-272
Submitted May 1, 2014 – Filed June 30, 2014

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Christina J. Catoe, both of Columbia;
and Solicitor William W. Wilkins, III, of Greenville, for
Respondent.

**PER CURIAM:**  Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Weaverling*, 337 S.C. 460, 474-75, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible . . . . Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault."); *id.* at 475, 523 S.E.2d at 794 ("There is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavior evidence testimony.").[2]

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Chappell's contention that the expert's testimony was improper because it constituted improper vouching for the victim is not preserved for our review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (noting "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal" and "[a] party may not argue one ground and trial and an alternate ground on appeal").